UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| VANCE GENE BRIDGEMAN, | ) |
| :--- | :--- |
| *Petitioner* | ) |
| vs. | ) CAUSE NO. 3:11-CV-423 RM |
| | ) (Arising out of 3:97-CR-17(01) RM) |
| UNITED STATES OF AMERICA, | ) |
| *Respondent* | ) |

OPINION and ORDER

This matter is before the court on petitioner Vance Bridgeman's fourth motion for habeas relief, in which he asks the court to modify the revocation judgment entered on December 28, 2007 and let him to serve his federal sentence concurrent with his undischarged state court sentence.[1] Although originally filed as a *pro se* petition under 28 U.S.C. § 2254, Mr. Bridgman has since advised the court that his intent was to proceed under § 2255. Accordingly, the court deems Mr. Bridgeman's petition to be a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and, for the following reasons, denies the motion.

Mr. Bridgeman pleaded guilty to armed bank robbery in 1997 and was sentenced to 103 months imprisonment, to be followed by a three year term of supervised release. His probation has been revoked twice: once in September 2005

---

[1] Mr. Bridgeman's three previous petitions for habeas relief challenged his original sentence. The first, a petition under 28 U.S.C. § 2255, was denied [Doc. No.67], and the court's decision was affirmed on appeal. *Bridgeman v. United States*, 229 F.3d 589 (7th Cir. 2000). The second petition was filed under 28 U.S.C. § 2241, and was denied in June 2002 [Doc. No. 117], and the third, a § 2255 petition, was denied in July 2004 [Doc. No. 127].

for failing to report, resulting in a two month sentence followed by three years of supervised release; and again on December 28, 2007, after Mr. Bridgeman was convicted in state court of two armed robberies in LaPorte County Superior Court (Cause Nos. 46D01-0601-FB-014 and 46D01-0605-FB-088), resulting in a 21-month sentence to be served consecutively to the 24-year aggregate sentence imposed by the state court in Cause Nos. 46D01-0601-FB-014 and 46D01-0605-FB-088. Mr. Bridgeman believes a concurrent sentence is more reasonable in light of the lengthy sentence imposed in state court, and asks the court to modify the revocation judgment and order that his federal and state sentences run concurrently.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petition under 28 U.S.C.§ 2255 must be filed within one year of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Mr. Bridgeman's petition was filed more than three years after his revocation sentence became final and is time-barred under 28 U.S.C. § 2255(f)(1) (the only section applicable in this case). *See* Keller v. United States, 657 F.3d 675, 679 (7th Cir. 2011). Even if it were not, Mr. Bridgeman is clearly not entitled to the relief he seeks.

At the final revocation hearing on December 28, 2007, the parties stipulated that Mr. Bridgeman had violated the terms of his supervised release by committing not one, but two, armed robberies in January 2006 (both crimes of violence); that the statutory maximum sentence for those violations was three years, 18 U.S.C. § 3583(e)(3); and that the suggested Sentencing Guideline range was 15 to 21 months imprisonment. [Doc. No. 163]. Under that stipulation, the parties agreed to recommend a 21-month sentence, followed by one year of additional supervised release. [Doc. No.163].

The stipulation didn't address whether the sentence should run concurrent or consecutive to Mr. Bridgeman's undischarged state court sentences, so the court invited oral argument on the issue at the revocation hearing. The

government argued for a consecutive sentence based on the serious nature of the violations, and Mr. Bridgeman sought a concurrent sentence given the length of his state court sentences. The court agreed with the government, found that a consecutive 21-month sentence was reasonable and appropriate given the serious and violent nature of the violations and that they occurred while Mr. Bridgeman was on federal supervised release, and entered judgment accordingly.

The court sought a reasonable sentence: one sufficient, but not greater than necessary, to satisfy the purposes of the sentencing statute, 18 U.S.C. § 3553(a), imposed a sentence within the applicable guideline range, and explained its reasons for imposing a consecutive sentence. The law requires nothing more, *see* United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553; U.S.S.G. § 5G1.3, and the facts in this case warrant nothing less.

Mr. Bridgeman isn't entitled to the relief he seeks. Accordingly, the court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 177 in 3:97-CR-17 and Doc No. 1 in 3:11-CV-423].

SO ORDERED.

ENTERED: <u>   December 9, 2011   </u>


<u>   /s/ Robert L. Miller, Jr.   </u>
Judge
United States District Court

cc:  V. Bridgeman
     D. Schmid-AUSA